UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHY M. WEERS,<br><br>                              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br><br>                              Defendant. | NO:  CV-13-0338-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 17 and 18. This matter was submitted for consideration without oral argument. Plaintiff was represented by Joseph M. Linehan. Defendant was represented by Nicole A. Jabaily. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Kathy M. Weers protectively filed for supplemental security income ("SSI") on February 15, 2008. Tr. 267-271. Plaintiff initially alleged an onset date of February 15, 2000 (Tr. 267), but amended the alleged onset date to February 15, 2008 at the supplemental hearing (Tr. 104). Benefits were denied on May 21, 2008. Tr. 156-160. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Marie Palachuk on March 4, 2010. Tr. 53-100. Plaintiff was represented by counsel and testified at the hearing. *Id*. Medical experts Ollie D. Raulston, Jr., M.D. and Ronald Klein, Ph.D. Tr. 59-72. Plaintiff's sister Leona McCauley and vocational expert Sharon N. Welter also testified. Tr. 85-98. The ALJ issued an unfavorable decision on April 23, 2010. Tr. 132-150. On July 15, 2011 the Appeals Council remanded the case with instructions to grant Plaintiff's request for a supplemental hearing, obtain evidence from a vocational expert if necessary, and reevaluate the RFC. Tr. 153-154. A supplemental hearing was held before ALJ Marie Palachuk on January 24, 2012. Tr. 101-129. Plaintiff was represented by counsel and appeared at the hearing. *Id*. Medical expert Ronald Klein, Ph.D. and vocational expert Thomas Polsin testified at the hearing. Tr. 106-128. The ALJ denied benefits (Tr. 21-45) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 39 years old at the time of the hearing. Tr. 72-73. She has a high school diploma and was in special education. Tr. 73. Plaintiff has three children, but the oldest child does not live with her. Tr. 81. She previously worked as a fast food cook. Tr. 73-76. Plaintiff testified that she has back pain; migraine headaches; depression and anxiety; and numbness and inability to grip in both hands. Tr. 77-80. She can only sit for half an hour; stand for 10 minutes at a time; walk a block at a time; lift five pounds maximum; use the railing not to lose balance on the stairs; and cannot straighten up after bending over. Tr. 83-85. Plaintiff testified that she gets assistance from her sister and brother in taking her kids to school, cooking, shopping, and managing finances. Tr. 81-83.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a

conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

### FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f).

If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 15, 2008, the application date. Tr. 27. At step two, the ALJ

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

found Plaintiff has the following severe impairments: chronic low back pain; numbness of hands bilaterally of unclear etiology; obesity; major depressive disorder; posttraumatic stress disorder. Tr. 27. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 28. The ALJ then found that Plaintiff had the RFC

> to perform light work as defined in 20 C.F.R. 416.967(b) except that she can perform positions that do not require her to climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch and crawl. She must avoid concentrated exposure to vibrations and hazards. The claimant is able to understand, remember and complete simple routine repetitive tasks. She can maintain attention and concentration in 2-hour intervals. She can perform low-stress jobs that require only a minimal amount of judgment and decision-making. She can work positions that do not require a production pace. After January 2011, the claimant's residual functional capacity is further limited to no overhead reaching and only occasional reaching in all other directions due to her cervical fusion.

Tr. 29. At step four, the ALJ found Plaintiff has no past relevant work. Tr. 39. At step five, the ALJ found that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 39. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since February 15, 2008, the date the application was filed. Tr. 40.

## ISSUES

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts the ALJ erred by improperly rejecting the opinions of W. Scott Mabee, Ph.D. and Jacob C. Deakins, M.D.. ECF No. 17 at 14-19. Defendant argues the ALJ properly evaluated the medical evidence. ECF No. 18 at 4-13.

## DISCUSSION

**Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial

evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). Plaintiff argues the ALJ improperly considered and rejected the mental health opinions of W. Scott Mabee, Ph.D. and Jacob C. Deakins, M.D. ECF No. 17 at 17-19. Specifically, Plaintiff contends that she is "more limited from a psychological standpoint than what was determined by the ALJ." ECF No. 17 at 14.

**1. Dr. Scott Mabee**

In March 2010, Dr. Mabee completed a psychological evaluation of Plaintiff. He noted in his "impressions" section of the evaluation that

> [a]lthough [Plaintiff] reports a history of depression, it should not significantly impact her ability to initiate and maintain gainful employment. She should continue working with her medical provider regarding her current medication regimen to assure that it is appropriately targeting symptoms. Ongoing mental health counseling about once per month could be helpful to monitor her depression and help her develop better coping skills.

Tr. 486. Further, Dr. Mabee provided a narrative opinion of Plaintiff' residual functional capacity was as follows:

> [Plaintiff] is capable of understanding, remember, and carrying out very simple instructions. She is only able to maintain attention and concentration for short periods of time. She is able to perform activities within a schedule as long as it is in a low stress environment. She can sustain an ordinary routine without special supervision but can only make very simple work related decisions.
>
> Furthermore, she can work with or near others without being distracted by them. Based on her intellectual abilities and behavioral observations, she will have moderate difficulty with performing at a consistent pace. She is likely to work slowly on tasks and should not be expected to always meet deadlines, especially with more complicated activities. She is capable of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

1  asking simple questions and requesting assistance by her supervisors. She
   should be able to accept instructions and respond appropriately to criticism.
2  She should have no trouble with maintaining socially appropriate behavior
   and getting along with her coworkers and peers. As a result of her concrete
3  thinking, she will have some difficulty with awareness of normal hazards
   and taking appropriate precautions. She has her own transportation and
4  should have no trouble with traveling to her job or appointments.

5 Tr. 486.

6   The ALJ accorded "some weight to Dr. Mabee's opinion because he had the

7 opportunity to examine and test the claimant before opining on her ability to

8 work." Tr. 38. The ALJ declined to give "significant weight" to Dr. Mabee's

9 opinion, however, the ALJ specifically found Plaintiff's "residual functional

10 capacity has been formulated to take into account the restrictions provided by Dr.

11 Mabee." Tr. 38. Plaintiff generally argues that the "ALJ indicated that she gave

12 some weight to Dr. Mabee's opinion, but not significant weight, without setting

13 forth the requisite specific and legitimate reasons support by substantial evidence

14 for rejecting Dr. Mabee's opinion." ECF No. 17 at 18.

15   As an initial matter, while Plaintiff repeatedly summarizes Dr. Mabee's

16 findings, she does not analyze how his opinion was erroneously rejected or

17 inconsistent with the RFC. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d

18 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address any issue not raised

19 with specificity in Plaintiff's briefing).  The only exception to this lack of

20 specificity is Plaintiff's argument in her reply brief that Dr. Mabee's subsequent

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 11

2012 evaluation opining that Plaintiff would have "prominent difficulties" concentrating for "more than 20 minutes for even simple tasks" (Tr. 773); was a "significant deviation" from the ALJ's RFC finding that Plaintiff "can maintain attention and concentration for 2-hour intervals" (Tr. 29). ECF No. 20 at 3. However, the second evaluation conducted by Dr. Mabee was performed on February 17, 2012. Tr. 769-774.  The ALJ's decision was issued on February 2, 2012. Tr. 40. Thus, the Appeals Council was not required to consider this evidence because it does not relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b); 416.1476(b)(1). Additionally, it is notable that in response to one of Plaintiff counsel's hypotheticals at the supplemental hearing limiting Plaintiff to "only able to maintain attention and concentration for 15 to 30 minutes" (Tr. 126); the vocational expert responded that this limitations was "vague" and asked for an example of what counsel meant by "maintaining concentration for 15 to 30 minutes." Tr. 126-127. The VE *did not* testify that this hypothetical limitation would preclude Plaintiff from competitive employment. Thus, even if the court were to consider this later submitted evidence, "where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

Moreover, and most significantly, the ALJ did not reject any portion of Dr. Mabee's opinion. Rather, she granted Dr. Mabee's 2010 opinion "some weight" and "formulated" the RFC "to take into account [all of] the restrictions provided by Dr. Mabee." Tr. 38. As demonstrated in detail by Defendant, a side by side reading of Dr. Mabee's 2010 evaluation and the RFC assessed by the ALJ confirms that all of the restrictions opined by Dr. Mabee were included in the RFC. ECF No. 18 at 6-7. Plaintiff's briefing also does not identify with specificity any discrepancy between Dr. Mabee's 2010 opinion and the RFC. *See Carmickle*, 533 F.3d at 1161 n.2. Thus, even assuming that the ALJ improperly "rejected" Dr. Mabee's opinion, any error was harmless. *Molina*, 674 F.3d at 1115 (error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination").

While not identified by either party, the ALJ also "emphasized" that Plaintiff underwent the examination "through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored." Tr. 38. To the extent the ALJ considered the purpose for which Dr. Mabee's evaluation was obtained, this was error because it is not a specific and legitimate reason to reject an opinion. *See Lester*, 81 F.3d at 832 ("'The Secretary may not assume that doctors routinely lie in order to help their patients collect

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

disability benefits.' While the Secretary 'may introduce evidence of actual improprieties,' no such evidence exists here."). However, as discussed above, because the limitations assessed by Dr. Mabee are consistent with the RFC, any error is harmless. *Molina*, 674 F.3d at 1115.

### 2. Jacob Deakins, M.D.[1]

Dr. Deakins was Plaintiff's treating physician at the Doctor's Clinic. In April 2010 Dr. Deakins wrote a letter to DSHS stating that he had been treating Plaintiff since 2009; and her mental health diagnoses included major depressive disorder and anxiety disorder. Tr. 521. Dr. Deakins opined that

> [a]s far as her anxiety and depression is concerned, this makes it extremely difficult for [Plaintiff] to interact on a social basis in order to find employment. Her anxiety is debilitating to the point that she often has to leave social situations in order to get to a place where she feels safe. This is being treated currently and it is improving, however, it is anticipated to last at least to some degree, lifelong.
>
> At this point I think [Plaintiff] would be able to participate on a limited basis in her work search, perhaps, no more than one hour daily and that would be changed if deemed too difficult for her.

Tr. 521. In September 2010, Dr. Deakins opined that Plaintiff would be unable to participate in activities related to preparing for and looking for work because

---

[1] In her briefing, Plaintiff contends that the ALJ erred only in evaluating her psychological limitations. ECF No. 17 at 14. Thus, the court will limit its analysis to Dr. Deakins' opinion regarding Plaintiff's mental health limitations.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

"anxiety/panic precludes major interaction with public." Tr. 526. In August 2011, Dr. Deakins opined that Plaintiff would be unable to participate in work activities because she was "unable to interact on a social basis." Tr. 634.

The ALJ accorded Dr. Deakins' opinion "little weight." Tr. 37. Plaintiff argues the ALJ should have granted significant, if not controlling, weight to Dr. Deakins because he was Plaintiff's treating physician; instead of erroneously relying on the testimony of medical expert Dr. Ronald Klein, Ph.D. who never treated or examined the Plaintiff. ECF No. 17 at 14-18. The ALJ did give significant weight to Dr. Klein's opinion because he had a chance to review Plaintiff's medical records and observe her at the hearing; and his opinion was largely consistent with objective medical evidence. Tr. 39. Plaintiff is correct that "[t]he opinion of a nonexamining physician cannot *by itself* constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(emphasis added). However, where, as here, the treating physician's opinion is contradicted by medical evidence, the opinion may still be rejected if the ALJ provides specific and legitimate reasons supported by substantial evidence in the record. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). While not acknowledged by Plaintiff, the ALJ gave "some weight" to the opinion of Dr. Mabee, and incorporated all of his assessed limitations into the RFC. Tr. 38. In addition, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

ALJ offered several specific and legitimate reasons for rejecting Dr. Deakins' opinion.

As an initial matter, the court again notes that Plaintiff's briefing only summarizes Dr. Deakins' opinions and generally argues that "[t]he ALJ did not set forth the requisite specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Deakins' treating source opinion." ECF No. 17 at 18. However, Plaintiff does not specifically challenge any of the reasoning offered by the ALJ, nor does she cite to evidence in the record contradicting the ALJ's findings. *See Carmickle*, 533 F.3d at 1161 n.2 (9th Cir. 2008) (court may decline to address any issue not raised with specificity in Plaintiff's briefing). First, the ALJ noted that "Dr. Deakins is a medical doctor and there is no evidence of record indicating that he specially trained to state an opinion as to claimant's mental health condition." Tr. 37. Defendant acknowledges that the ALJ cannot rely solely on this reasoning to reject Dr. Deakins' opinion. ECF No. 18 at 8; *see Sprague v. Bowen*, 812 F.2d 1226, 1231 (9th Cir. 1987) (treating physician qualified to give medical opinion as to mental state despite not being a psychiatrist). However, it is reasonable for the ALJ to assign more weight to the opinions of mental health specialists Dr. Mabee and Dr. Klein when evaluating Plaintiff's alleged psychological limitations. *See* 20 C.F.R. § 416.927 ("We generally give more weight to the opinion of a specialist about medical issues

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

1  related to his or her area of specialty than to the opinion of a source who is not a

2  specialist.").

3      In addition, the ALJ found that Dr. Deakins' opinion "departs substantially

4  from the rest of the evidence of record." Tr. 38. Consistency with the medical

5  record as a whole, and between a treating physician's opinion and his or her own

6  treatment notes, are relevant factors when evaluating a treating physician's medical

7  opinion. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (inconsistency with

8  medical record as a whole is relevant factor in evaluating medical opinion);

9  *Bayliss*, 427 F.3d at 1216 (discrepancy between treating physician's opinion and

10 clinical notes justified rejection of opinion). As noted above, Dr. Deakins

11 repeatedly opined that Plaintiff was not able to work because her anxiety and

12 depression precluded her from interacting on a social basis. Tr. 521, 526, 634.

13 However, at Dr. Mabee's 2010 evaluation of Plaintiff she complained of

14 depression, but notably "denie[d] any problems with anxiety" and "denie[d] any

15 difficulties getting along with other people." Tr. 482-483. The psychological

16 testing administered by Dr. Mabee also did "not indicate significant trouble with

17 anxiety or problems coping with stress appropriately." Tr. 485. More notably, Dr.

18 Deakins' own treatment notes comprise a large portion of the overall medical

19 record, and they largely indicate improvement of Plaintiff's mental health

20 symptoms with medication (Tr. 429, 432, 447, 451, 508); or reflect only physical,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 17

rather than psychological, complaints by Plaintiff (Tr. 427, 435, 440, 500, 506, 536, 543, 546, 552-553, 559, 570, 573-574, 577, 659, 662, 668-669, 757, 761, 765). As recently as January 10, 2012, Plaintiff had an appointment with Dr. Deakins to refill her medication but was "doing well" and had "no specific complaints or concerns." Tr. 752. The court acknowledges that Dr. Deakins' treatment notes also contain repeated diagnoses of anxiety and depression, and notations about Plaintiff's inability to work due to problems with social interaction. Tr. 443, 453-54, 534, 540, 556, 652. Overall, however, the medical evidence could be susceptible to more than one rational interpretation, and therefore the ALJ's conclusion must be upheld. *See Burch*, 400 F.3d at 679.

Additionally, the record includes documentation of Plaintiff's treatment at Spokane Mental Health for depression and anxiety, seemingly precipitated by life stressors including the return of her abusive ex-husband. Tr. 674-721. However, during the course of her treatment Plaintiff repeatedly reported feeling "pretty good." *See* Tr. 685, 713. Plaintiff also requested a referral "to the Evergreen Club for socialization and vocational skill building." Tr. 687. Her mental health provider opined that she would "benefit from a group to learn skills and interact with other experiencing similar issues." Tr. 693. Plaintiff participated in group discussions and appeared attentive during group counseling sessions. Tr. 701, 715. This evidence of socialization by Plaintiff appears inconsistent with Dr. Deakins'

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 18

1  repeated opinion that Plaintiff's inability to interact socially would limit her ability
2  to work. This was a specific and legitimate reason to reject Dr. Deakins' opinion.

   As a final matter, the ALJ noted "[t]he possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another." Tr. 37. As discussed above, it was improper for the ALJ to consider the purpose for which Dr. Deakins' opinion was obtained. *See Lester*, 81 F.3d at 832) ("'The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.' While the Secretary 'may introduce evidence of actual improprieties,' no such evidence exists here."). Here, the ALJ identifies no evidence in the record of actual bias or impropriety on the part of Dr. Deakins. Thus, any alleged advocacy by Dr. Deakins was not a legitimate reason for the ALJ to discredit Dr. Deakins' opinion. However, this error was harmless because, as discussed above, the ALJ articulated specific and legitimate reasons for rejecting Dr. Deakins' opinion that were supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

1    2. Defendant's Motion for Summary Judgment, ECF No. 18, is

2    **GRANTED**.

3    The District Court Executive is hereby directed to enter this Order and

4    provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

5    the file.

6    **DATED** this 7th day of October, 2014.

*s /Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20